PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RANDY DEAN, SR., | ) | |
| | ) | CASE NO. 5:26CV2001 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| JUDGE BECKY DOHERTY, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 2] |

*Pro Se* Plaintiff Randy Dean, Sr., filed this civil rights action against Portage County, Ohio Common Pleas Court Judge Becky Doherty, Chief Building Official Randall Roberts, Rootstown Township Zoning Inspector Mark Tirpak, Portage County Health District Staff Member Natalie Menke, BA, and Rootstown Township Fire Chief Charles W. Palmer Jr. The Complaint (ECF No. 1) is largely incomprehensible and very brief. Plaintiff attacks the personal character of Judge Doherty, but does not allege facts indicating how any of these allegations violated his rights. He alleges that the Portage County Health District and Chief Building Official Roberts trespassed on his property and condemned it without going inside of the house. Plaintiff claims Portage County is in the process of tearing down the house. He contends he told them at meetings that he had spent $40,000 on repairs. Plaintiff, however, does not assert any legal claims. He seeks $1 million for "losses, emotional, traumatic bullying style very aggressive toward me." ECF No. 1 at PageID #: 7.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (ECF No. 2). For good cause shown, the Application is granted.

## I. Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief may be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint,

the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## II. Law and Analysis

Fed. R. Civ. P. 8(a)(2) requires a Plaintiff to submit "a short and plain statement of the claim showing that the pleader is entitled to relief." To meet the minimum notice pleading requirements of Rule 8, the complaint must give the defendant fair notice of what the plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). The Complaint (ECF No. 1) contains few coherent factual allegations and no suggestion of the legal claims Plaintiff intends to assert against any of Defendants. Without this critical information, the Complaint (ECF No. 1) fails to meet the minimum pleading requirements of Rule 8. *See Iqbal*, 556 U.S. at 678.

Finally, the Court takes notice that this is the seventh of eight cases Plaintiff filed in the Northern District of Ohio in one month. *See Dean v. Portage Cnty. Probation Dept.*, No. 5:26CV1791 (N.D. Ohio filed July 30, 2026) (Adams, J.); *Dean v. Brimfield Police Dept.*, No. 5:26CV1841 (N.D. Ohio filed Aug. 5, 2026) (Adams, J.); *Dean v. Brimfield Police Dept.*, No. 5:26CV1842 (N.D. Ohio filed Aug. 5, 2026) (Adams, J.); *Dean v. Portage Cnty. Bldg. Dept.*, No. 5:26CV1875, (N.D. Ohio filed Aug. 10, 2026) (Adams, J.); *Dean v. Cook*, No. 5:26CV1901 (N.D. Ohio filed Aug. 12, 2026) (Pearson, J.); *Dean v. Rapp*, No. 5:26CV1967 (N.D. Ohio filed Aug. 18, 2026) (Lioi, C.J.); *Dean v. Silver*, No. 5:26CV2071 (N.D. Ohio filed Aug. 27, 2026) (Lioi, C.J.). To date, four of these cases were dismissed as frivolous. This will be the fifth such case. In all of these dismissed cases, Plaintiff was permitted to proceed *in forma pauperis*.

(5:26CV2001)

Up to this point, the Judges in this district have been tolerant of Plaintiff's *pro se* filings; however, there comes a point when we can no longer allow Plaintiff to misuse the judicial system at taxpayer expense. The filing of frivolous lawsuits and motions strains an already burdened federal judiciary. Plaintiff is cautioned that if he continues to file repetitive or frivolous cases in the Northern District of Ohio, his Applications to proceed *in forma pauperis* may be denied and he will be required to pay the full filing fee of $405 to proceed with each case.

## III. Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

September 30, 2026
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge